UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENKI RODRIGUEZ-MORALES,<br><br>                          Plaintiff,<br><br>               -against-<br><br>NEW YORK CITY POLICE DEPARTMENT,<br>et al.,<br><br>                          Defendants. | 25-CV-0168 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION AND SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. As set forth below, the Court directs Plaintiff (1) to pay the $405.00 in fees necessary to initiate this action or submit an amended application to proceed *in forma pauperis* ("IFP"); and (2) to submit the attached "Plaintiff's Certification and Warnings.

## DISCUSSION

**A.     Fees**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff an IFP application, but it is unsigned. If Plaintiff wishes to proceed, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application that is fully completed and signed. If Plaintiff submits the IFP application, it should be labeled with docket number 25-CV-0168 (LTS). If the Court grants the IFP application, Plaintiff prepayment of fees will be waived. *See* 28 U.S.C. § 1915(a)(1).

**B.     Signature**

The complaint that Plaintiff submitted is also unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be

signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").[1]

Plaintiff is directed to sign and submit the attached "Plaintiff's Certification and Warnings" within 30 days of the date of this order. If Plaintiff returns the signed document by mail or in person, it must have a handwritten signature that complies with Rule 11(a). If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use instead an electronic signature or a typed name with /s/ ("/s/ Enki Rodriguez-Morales") on the signature line. The signed document must be labeled with the docket number 24-CV-0168 (LTS).[2]

## CONCLUSION

The Court directs Plaintiff, within 30 days, (1) to pay the $405.00 in fees necessary to initiate this action or to sign and submit an amended IFP application; and (2) to submit the attached "Plaintiff's Certification and Warnings." No summons or answer shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

---

[1] Although a "typed name" does not satisfy Rule 11(a)'s signature requirement, the Supreme Court affirmed the right of courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker,* 532 U.S. at 764. Under this court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing ("ECF") Rules & Instructions ("ECF Rules"), the filing complies with the local rules. *See* Local Civil Rule 5.2. Rule 1.1 and Appendix C of the ECF Rules authorize self-represented parties to sign documents submitted to the court by email using an electronic signature or typed name with /s.

[2] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the ECF Rules. Self-represented litigants must request permission to register for ECF by filing a Motion for Permission for Electronic Case Filing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 10, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge